**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| KARLA IVETTE BROOKS, a.k.a. Karla Ivette Gaytan Varela, <br><br> Petitioner, <br><br> v. <br><br> ERIC H. HOLDER, Jr., Attorney General, <br><br> Respondent. | No. 10-73941 <br><br> Agency No. A043-485-220 <br><br> MEMORANDUM[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted May 15, 2012[**]

Before:    CANBY, GRABER, and M. SMITH, Circuit Judges.

Karla Ivette Brooks, a native and citizen of Mexico, petitions pro se for

review of the Board of Immigration Appeals' ("BIA") order dismissing an appeal

from an immigration judge's decision denying her motion to reopen and rescind

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

her in absentia removal order.  We have jurisdiction under 8 U.S.C. § 1252.  We review for substantial evidence the agency's findings of fact, review for abuse of discretion the denial of a motion to reopen, and review de novo due process claims. *Mohammed v. Gonzales*, 400 F.3d 785, 791-92 (9th Cir. 2005).  We deny the petition for review.

The agency did not abuse its discretion in denying Brooks' motion to reopen where she filed the motion more than a year and a half after her final order of removal, *see* 8 C.F.R. § 1003.23(b)(4)(iii), and did not establish that she acted with the due diligence required for equitable tolling, *see Socop-Gonzalez v. INS*, 272 F.3d 1176, 1193 (9th Cir. 2001) (en banc).  It follows that Brooks' due process claim fails.  *See Lata v. INS*, 204 F.3d 1241, 1246 (9th Cir. 2000) (requiring error and prejudice for a petitioner to prevail on a due process claim).

The BIA did not abuse its discretion in declining to rescind Brooks' in absentia removal order because substantial evidence supports the BIA's determination that Brooks was removable due to alien smuggling, *see* 8 U.S.C. § 1182(a)(6)(E)(I), where her Form I-213 reflects that she "provided some form of affirmative assistance to the illegally entering alien," *Altamirano v. Gonzales*, 427 F.3d 586, 592 (9th Cir. 2005).

**PETITION FOR REVIEW DENIED.**

10-73941